BERZON, J.,
concurring.
I concur in the memorandum disposition. I write separately to note that in light of the facts of this case, the BIA’s bare assertion that the petitioner suffered no past persecution is particularly difficult to understand. The threats directed at Moudoyan concerned both her and her children, and were made by an organization known to carry out its threats in similar circumstances. Moreover, the threats were delivered in person — that is, they involved the sort of “close confrontation” that we have repeatedly found significant in determining whether threats alone rise to the level of persecution, Lim v. INS, 224 F.3d 929, 936 (9th Cir.2000); see also Nahrvani v. Gonzales, 399 F.3d 1148, 1153 (9th Cir.2005); Ruano v. Ashcroft, 301 F.3d 1155, 1160 (9th Cir.2002). Finally, Moudoyan’s husband’s warning to her to leave Italy underscored the seriousness of the threats. Given these circumstances, an explanation for the BIA’s conclusion was particularly warranted.